UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VINCENT DEMARTINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06CV0879 (RJL) |
| | ) | |
| F.B.I., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Defendants respectfully submit this statement of material facts as to which it contends there is no genuine dispute.

**I. PLAINTIFF'S FOIA REQUESTS**

   **A. BOP**

1. Plaintiff, Vincent DeMartino, filed three requests for records with the Northeast Regional Office (NERO) for the BOP while he was at USP Canaan. See Declaration of Christina V. Hauck-DeCuir ("Hauck-DeCuir Decl.") at ¶ 5.

2. The first request, dated November 15, 2005, consisted of Plaintiff's request for documents from "1999, 2001, and 2003 by the United States Parole Offericers [sic] Eastern District of New York of all notes, reports, secretary books, appoint[ment] books, sing [sic] in lists, etc. [sic]." See id. and Attachment 1 thereto. He specifically sought 2001 records regarding the shooting of Joseph Campanella on July 16, 2001, to include 911 tapes, notes, DD5s, 302s, police notes and reports, FBI reports, and any and all

information for this event in his file. See id. This request was given number 2006-01594, and processed by the NERO. See id.

3. The Regional Counsel for the NERO informed Plaintiff via a memorandum dated December 13, 2005 that a search was conducted and no materials were found responsive to his request, as the Bureau of Prisons does not maintain the information he was seeking. See id. and Attachment 2 thereto.

4. Plaintiff appealed this request to the Office of Information and Privacy (OIP) on or about December 26, 2005. See Hauck-DeCuir Decl. at ¶ 6 and Attachment 3 thereto. This appeal was received by OIP on January 5, 2006. See id. Plaintiff received an acknowledgment of his appeal with OIP via a letter dated January 19, 2006. See id. and Attachment 4 thereto. This appeal was assigned number 06-0985 by OIP. See id.

5. The OIP requested records from the NERO pertaining to FOIA Request 2006-01594, along with other appeals not at issue from other requesters, on January 27, 2006. See id. and Attachment 5 thereto. These records were mailed to OIP in response to their request by the NERO on February 3, 2006. See id.

6. Plaintiff timely filed the instant suit after constructively exhausting his administrative appeals with the BOP on May 10, 2006. See Hauck-DeCuir Decl. at ¶ 7.

7. Plaintiff filed a second FOIA request with the NERO dated November 24, 2005. See Hauck-DeCuir Decl. at ¶ 8 and Attachment 6 thereto. In it, Plaintiff sought documents pertaining to a shooting in Brooklyn, New York, occurring on July 16, 2001. See id. The request sought the following:

> 911 tapes, compleate [sic] conversation transcripts, FBI and police

>   notes, reports, 302's, statements, DD5, police officers on scene reports, radio transmissions, reports for the police and EMT, NYPD housing, FBI, ambulance driers and helper, reports and statements of witness[es] at scene, interviews with Joseph Campanella at hospital and elsewhere, interviews of people at 60th police precinct, interviews with John Florida at 60th precinct, all information on Vincent DeMartino, and names of suspects and witness[es] interviewed at any time at scene, orgigen [sic] of phone numbers of 911 calls made in connection with shooting, any parole reports, monthly reports from 98 to release.

See id. and Attachment 6 thereto. This request was assigned FOIA Request Number 2006-01780. See id.

8. Plaintiff was informed via letter, dated December 29, 2005, that a search was conducted in response to his request and no responsive materials were found because such documents are not maintained by the BOP. See id. and Attachment 7 thereto. There is no record of Plaintiff appealing this FOIA request to the OIP.

9. Plaintiff's third request to the NERO, dated December 26, 2005, requested all the documents in his file. See Hauck-DeCuir Decl. at ¶ 9 and Attachment 8 thereto. This request was given FOIA Request Number 2006-02370. See id.

10. The NERO responded to FOIA Request Number 2006-02370 on February 1, 2006, informing Plaintiff that he could seek a local review of his file to access the releasable portions of his BOP records by contacting staff at his institution. See Hauck-DeCuir Decl. at ¶ 9 and Attachment 9 thereto.

11. There is no record that Plaintiff attempted to appeal FOIA Request Number 2006-02370 to OIP.

12. Plaintiff seeks records relating to the shooting of Joseph Campanella on July 16, 2001.

See Hauck-DeCuir Decl. at ¶ 10. This incident also forms the basis for his current term of incarceration. See id. The BOP does not ordinarily maintain these types of records, nor are they routinely provided to the BOP or placed in an inmate's central file.[1] See id. at ¶ 11.

13. BOP staff in the South Central Regional Office revisited FOIA Request Numbers 2006-01594, 2006-01780 and 2006-02370 and reviewed 165 pages of documents, comprising the "FOIA Exempt" section of Plaintiff's central file. See id. and Attachment 10 thereto.

14. Six of these pages were released in their entirety, 64 pages were released with excisions, 67 pages were withheld, and 28 pages comprised his Presentence Investigation Report (PSR), which Plaintiff was allowed to review at the local level. See id. Under Program Statement 1351.05, Release of Information, inmates are not allowed to possess their PSRs while in custody. See id. and Attachment 11 at pp. 15-16 thereto.

15. Inmates are allowed to review their PSRs by submitting a request to a member of their Unit Team. See id. Plaintiff was allowed to review the releasable portions of his Central File on July 18, 2006, which included his PSR. See id. and Attachment 12 thereto.

   B.   **EOUSA**

16. A search of EOUSA's computer case tracking system (Oracle), made by inserting Plaintiff's name, revealed only that he had made a FOIA/PA request, dated July 29, 1992,

---

[1] Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, identifies the types of documents maintained in an inmate's central file. Some examples include sentence data, detainers, financial responsibility documents, classification information, materials provided to the BOP by the U.S. Parole Commission, visitation and property paperwork, disciplinary reports, pay sheets from an inmate's job assignment(s), information on release preparation, and general correspondence relating to an inmate. See Hauck-DeCuir Decl. at ¶ 11 n.1.

FOIA No. 92-1221, which was closed September-October 1992, without any administrative appeal occurring thereafter.  See Declaration of John F. Boseker ("Boseker Decl.") at ¶ 6.

17. The records were ultimately sent to the Federal Records Center ("FRC") for storage and ultimate disposal.  See Boseker Decl. at ¶ 6.  FRC records indicate that this file was destroyed in 1999 pursuant to normal procedure.  See id. and Exhibits A and B attached thereto.

18. EOUSA has not received any other FOIA/PA request letter from Plaintiff since that time referenced above according to the same search performed by the Oracle computer system.  See Boseker Decl. at ¶ 7.

## II.  PLAINTIFF'S PRIVACY ACT CLAIMS

### A.  BOP

19. No documentation exists that Plaintiff has notified the BOP of any alleged inaccuracies in his central file.  See Hauck-DeCuir Decl. at ¶ 29.

20. BOP computerized administrative remedy records reveal that Plaintiff has not filed any Requests for Administrative Remedy regarding alleged inaccurate information in his central file from July 16, 2001 (the date of the shooting of Joseph Campanella) to the present.  See Hauck-DeCuir Decl. at ¶ 31 and Attachment 15 thereto.

21. Plaintiff's Presentence Report Investigation is maintained in the Inmate Central Records System.  See Hauck-DeCuir Decl. at ¶ 29.

### B.  FBI

22. The FBI has no record of receiving a Privacy Act amendment request from Plaintiff.  See

Declaration of David M. Hardy ("Hardy Decl.") at ¶ 27.

### C. Parole Commission

23. Plaintiff was sentenced by the United States District Court for the Eastern District of New York on June 19, 1986, to 15 years imprisonment for conspiracy to commit bank robbery and possession of stolen property. See Exhibit 1 (judgment and commitment order.)

24. The U.S. Parole Commission paroled Plaintiff on January 8, 1991, to remain under parole supervision until December 8, 2000. See Exhibit 2 (certificate of parole.)

25. The Commission revoked Plaintiff's parole by notice of action dated May 6, 1992, on a finding that he had possessed a weapon in violation of the conditions of supervision. The Commission ordered that he serve to the expiration of his sentence. See Exhibit 3 (notice of action).

26. The Commission's National Appeals Board ordered Plaintiff's case remanded for a special reconsideration hearing. See Exhibit 4 (notice of action on appeal).

27. The Commission conducted the review hearing on June 12, 1995. See Exhibit 5 (review summary). The Commission ordered Plaintiff's case reopened, and advanced its prior order that he serve to the expiration of his sentence. Instead, the Commission ordered parole *nunc pro tunc* July 17, 1993, to his consecutive non-parolable sentence. See Exhibit 6 (notice of action).

28. Plaintiff was reparoled *nunc pro tunc* to July 17, 1993, to his consecutive sentence, and was to remain on parole until November 5, 2001. See Exhibit 7 (certificate of reparole).

29. On May 29, 1998, the Commission issued a warrant charging Plaintiff with violating the conditions of parole by associating with a person having a criminal record, and violation

of the special condition of parole that he not associate with members of organized crime. See Exhibit 8 (warrant application).

30. The Commission's warrant was executed June 10, 1998, and Plaintiff received a revocation hearing, at which he appeared with retained counsel, on July 21, 1998. See Exhibit 9 (hearing summary).

31. Subsequent to this hearing, the Commission ordered his parole revoked, that he be credited with time spent on parole, and that he be reparoled after service of two months. See Exhibit 10 (notice of action.) The substance of this decision was affirmed on administrative appeal. See Exhibit 11 (notice of action on appeal).

32. Plaintiff was reparoled August 21, 1998, to remain on parole until November 6, 2001. See Exhibit 12 (certificate of parole).

33. Plaintiff had 1178 days remaining to be served on his sentence. See id.

34. On November 6, 2001, the Commission issued a parole violation warrant, to be held in abeyance pending the disposition of criminal charges. See Exhibit 13 (warrant application) and Exhibit 14 (memorandum).

35. On January 27, 2005, following conviction of conspiracy to commit murder in aid of racketeering, and assault with a dangerous weapon in aid of racketeering, Plaintiff was sentenced to an aggregate term of 25 years imprisonment. See Exhibit 15 (sentence monitoring computation data).

36. Plaintiff is expected to be released from that sentence on January 1, 2025, at which time the Commission's detainer warrant will be executed. See Exhibit 15 at 3.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK DC BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. Rm. E-4112
Washington, D.C. 20530
(202) 307-0338