| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
|---|---|
| UNITED STATES PAROLE COMMISSION | |

| | | | |
|---|---|---|---|
| Case Of | DeMartino, Vincent | Date | November 6, 2001 |
| Reg. No | 22044-053 | Parole Termination Date | 11-06-2001 |
| FBI No | 763958R6 | Violation Date | 08-19-1999 |
| Birth Date | 07-07-1955 | Released | 08-21-1998 |
| Race | White | | |
| Sentence Length | 15 years | | |
| Original Offense | Conspiracy; Bank Robbery | | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole.

If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time.

In addition, if you are (1) a special parole term violator, or (2) an adult D.C. Code violator, you will not receive credit toward service of your sentence for the time you spent on parole.

**CHARGES:**

Charge No. 1 - Law Violation - Fraud. Subject is alleged by the Assistant U.S. Attorney, New York, Eastern District to have committed the above-cited offense(s) which occurred on and after 8-19-99 up to and including 8-14-01. Subject claims total disability since a car accident on 8-19-99. Subject has used the U.S. Postal Service to mail fraudulent workers compensation claims. Subject has been observed performing stringent physical labor by USPO Williams and state insurance investigators. This charge is based on information contained in the letter dated 11-5-01 from supervision officer Williams, and letter dated 11-5-01 by AUSA Notopoulos.
I ADMIT [ ] or DENY [ ] this charge.

Preliminary Interview Is Required

Warrant Recommended By:

*Lynne Jenkins* (signature)

Warrant Issued.........................November 6, 2001

Lynne E. Jenkins, Case Analyst
U.S. Parole Commission

Probation Office Requesting Warrant..Eastern District of New York (1 - Main (Brooklyn))
( ) Commission   ( ) Inmate   ( ) Institution   ( ) USPO   ( ) Interviewing Officer   ( ) Chron

*Abeyance Warrant* (handwritten)

**Vincent DeMartino**
**Warrant Application**
**Page 1 of 1**

