UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VINCENT DEMARTINO,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　)　　Civil Action No. 06-0879 (RJL)
　　　　　　　　　　　　　　　　)
F.B.I. et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　)

## ORDER

Defendants move, *inter alia*, for partial summary judgment on the claims against the Bureau of Prisons and the Executive Office for United States Attorneys and the claims against all defendants brought pursuant to the Privacy Act, 5 U.S.C. § 552a. Plaintiff, who is proceeding pro se, is advised of the following.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." Id. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual

assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)). The court specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. Id. Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's response, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties, such as Vincent DeMartino, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. See Neal, 963 F.2d at 457-58. Accordingly, it is

ORDERED that plaintiff shall respond to defendants' motion for partial summary judgment by **November 28, 2006**, or the Court will treat the factual assertions as conceded and, if the circumstances warrant, may grant the relief sought; and it is

FURTHER ORDERED that defendants' request to file a status report by December 6, 2006, regarding plaintiff's payment of processing fees to the Federal Bureau of Investigation and the United States Parole Commission is granted.

Date: _____

Richard J. Leon
United States District Judge