UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| VINCENT DeMARTINO, | ) | |
| | ) | |
| Pro Se Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06CV0879 (RJL) |
| | ) | |
| F.B.I., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STATUS REPORT**

Pursuant to this Court's Order of October 25, 2006, the defendants respectfully submit the following status report regarding plaintiff's payment of processing fees to the Federal Bureau of Investigation ("FBI") and the United States Parole Commission ("Parole Commission").

**I.   FBI**

On or around November 13, 2006, FBIHQ received plaintiff's advance payment of $14.30 for 243 pages of FBI material to be released in response to plaintiff's FOIA requests to FBIHQ and the New York Field Office ("NYFO"). See Second Declaration of David M. Hardy ("Second Hardy Decl.") at ¶ 5 and Exhibit A attached thereto.

By letter dated November 14, 2006, plaintiff was provided the 243 pages of responsive material pertaining to his FOIA requests to FBIHQ and NYFO. See Second Hardy Decl. at ¶ 6. The FBI advised that deletions were made pursuant to FOIA Exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F), and Privacy Act Exemption (j)(2). See id. Plaintiff was advised that the information exempted pursuant to FOIA Exemption (b)(3) was exempt in accordance with Rule 6(e) of the Federal Rules of Criminal Procedure. See id. Plaintiff was also

advised that documents were located that originated with, or contained information concerning other government agency(ies) ("OGA"). See id. This information was referred to the OGA for review and direct response to plaintiff. The FBI advised plaintiff of his right to file an administrative appeal to the Department of Justice, Office of Information and Policy. See id. and Exhibit B attached thereto.

The processing of documents responsive to plaintiff's second request to FBIHQ has been completed and all releasable documents have been provided to plaintiff. See Second Hardy Decl. at ¶ 7. Plaintiff was advised that material he requested from the NYFO is located in an investigative file which is exempt from disclosure pursuant to Title 5, U.S.C., Section 552, § (b)(7)(A). See id. Nevertheless, this file was reviewed for public source material and any such information has been processed and released to plaintiff. See id.

## II.   Parole Commission

On October 12, 2006, the Parole Commission received a letter from plaintiff stating that he wanted "all documents" pertaining to his request of November 28, 2006, but requested a fee waiver in regard to any costs associated with processing his FOIA request. See Second Declaration of Pamela Roberts ("Second Roberts Decl.") at ¶ 3 and Exhibit A attached thereto. By letter dated November 2, 2006, the Parole Commission replied to plaintiff's request for a fee waiver. See id. at ¶ 4 and Exhibit B thereto. After considering several factors, the Parole Commission advised plaintiff that his request for a fee waiver was denied. See id.

On November 17, 2006, the Parole Commission received a letter from plaintiff in which he limited the scope of his request to documents located in the supervision file between two specific time periods. See Second Roberts Decl. at ¶ 5 and Exhibit C attached thereto.

On December 5, 2006, the Parole Commission requested that the U.S. Probation Office in the Eastern District of New York provide the Parole Commission with the documents specified by plaintiff in his November 17, 2006, request. See Second Roberts Decl. at ¶ 6. Once those records are received by the Parole Commission, they will be reviewed and processed under the FOIA and a response will be sent directly to plaintiff. See id.

In light of the foregoing, the defendants request sixty (60) days to file a second status report, in order to (1) allow plaintiff the opportunity to respond to the release of documents from the FBI; and (2) allow sufficient time for the Parole Commission to process the documents they receive from the U.S. Probation Office in the Eastern District of New York, and for plaintiff to respond to them.

    Respectfully submitted,

    /s/
    JEFFREY A. TAYLOR, DC Bar #498610
    United States Attorney

    /s/
    RUDOLPH CONTRERAS, DC Bar #434122
    Assistant United States Attorney

    /s/
    KAREN L. MELNIK DC BAR # 436452
    Assistant United States Attorney
    555 4TH Street, N.W. Rm. E-4112
    Washington, D.C. 20530
    (202) 307-0338

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Status Report was served by first-class mail on this 6th day of December, 2006, upon:

> Vincent DeMartino
> Register No. 22044-053
> USP Beaumont, P.O. Box 26030
> Beaumont, TX 77720

/s/
Karen L. Melnik D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W. Rm E4112
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT DeMARTINO ) | |
| ) | |
|     Pro se Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 06-0879 (RJL) |
| ) | |
| F.B.I., et al., ) | |
| ) | |
|     Defendants. ) | |
| _____ ) | |

ORDER

UPON CONSIDERATION of the Defendants' Status Report, and the entire record in this matter, it is by the Court this _____ day of _____, 2006, hereby

ORDERED that the defendants shall file a status report regarding plaintiff's response to the release of documents by the Federal Bureau of Investigation and the Parole Commission.

_____
UNITED STATES DISTRICT COURT JUDGE

copies to:

Vincent DeMartino
Register No. 22044-053
USP Beaumont, P.O. Box 26030
Beaumont, TX 77720

AUSA Karen L. Melnik
U.S. Attorney's Office for the District of Columbia
Civil Division
555 Fourth Street, N.W. Rm. E-4112
Washington, D.C. 20530