IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vincent DeMartino, ) | |
| ) | |
| Plaintiff ) | |
| ) Civil Action No. 06CV0879 (RJL) | |
| v. ) | |
| ) | |
| Federal Bureau of Investigation, et al., ) | |
| ) | |
| Defendants. ) | |

## SECOND DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney and have been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief, I supervise approximately 211 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI

records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment of the FOIA requests of plaintiff Vincent DeMartino which seek access to records pertaining to himself and a shooting that occurred on July 16, 2001 in the Coney Island section of Brooklyn, New York.

(4) The purpose of this declaration is to provide the Court and plaintiff with the status of plaintiff's FOIA/Privacy Act requests.

## ADDITIONAL CORRESPONDENCE RELATED TO PLAINTIFF'S FOIA REQUESTS

(5) On or around November 13, 2006, FBIHQ received plaintiff's advance payment of $14.30 for 243 pages of FBI material to be released in response to plaintiff's FOIA requests to FBIHQ and the New York Field Office ("NYFO"). **(See Exhibit A.)**

(6) By letter dated November 14, 2006, plaintiff was provided the 243 pages of responsive material pertaining to his FOIA requests to FBIHQ and NYFO. The FBI advised that deletions were made pursuant to FOIA Exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F), and Privacy Act Exemption (j)(2). Plaintiff was advised that the

information exempted pursuant to FOIA Exemption (b)(3) was exempt in accordance with Rule 6(e) of the Federal Rules of Criminal Procedure. Plaintiff was also advised that documents were located that originated with, or contained information concerning other government agency(ies) ("OGA"). This information was referred to the OGA for review and direct response to plaintiff. The FBI advised plaintiff of his right to file an administrative appeal to the Department of Justice, Office of Information and Privacy.   (See Exhibit B.)

## CONCLUSION

(7)   The processing of documents responsive to plaintiff's second request to FBIHQ has been completed and all releasable documents have been provided to plaintiff. Plaintiff was advised that material he requested from the NYFO is located in an investigative file which is exempt from disclosure pursuant to Title 5, U.S.C., Section 552, § (b)(7)(A). Nevertheless, this file was reviewed for public source material and any such information has been processed and released to plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that **Exhibits A through B** attached hereto are true and correct copies.

Executed this 16th day of December, 2006.

                                   DAVID M. HARDY
                                   Section Chief
                                   Record/Information Dissemination
                                       Section
                                   Records Management Division
                                   Federal Bureau of Investigation
                                   Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vincent DeMartino            )
                             )
    Plaintiff,               )
                             )
    v.                       )
                             )    Civil Action No. 06-CV-0879 (RJL)
Federal Bureau of Investigation, et al.,  )
                             )
    Defendants.              )

# EXHIBIT A

Vincent DeMartino
Donna DeMartino
158-51 89th Street
Howard Beach, NY

550

Date: October 8, 2006

Pay to the order of: Federal Bureau of Investigation   $14 30/xx

Fourteen and 30/xx ———————————————— Dollars

Queens County Savings Bank
82-10 153rd Avenue / Howard Beach, N.Y.

For: Request # 1018449-002

Donna DeMartino

⑆226071004⑆ 5417000095⑈ 0550

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vincent DeMartino, )
)
Plaintiff, )
)
v. )
) Civil Action No. 06-CV-0879 (RJL)
Federal Bureau of Investigation, et al., )
)
Defendants. )

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

MR VINCENT ANTHONY DEMARTINO  
**22044-053  
USP Beaumont  
United States Penitentiary  
PO Box 26030  
Beaumont, TX 77720

November 14, 2006

Subject: DEMARTINO, VINCENT ANTHONY

FOIPA No. 1018449- 002

Dear Mr. DeMartino:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☒(b)(3) FRCP Rule 6(e) | ☒(b)(7)(C) | ☐(k)(1) |
|  | ☒(b)(7)(D) | ☐(k)(2) |
|  | ☒(b)(7)(E) | ☐(k)(3) |
|  | ☒(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) |  | ☐(k)(7) |

257 page(s) were reviewed and 243 page(s) are being released.

☒ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☒ referred to the OGA for review and direct response to you.

    ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown,

when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosures (2)

Receipt of your payment of fees as previously requested is acknowledged.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ