IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT DeMARTINO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 06-CV-879 |
| ) | |
| F.B.I., et al., ) | |
| ) | |
| Defendants. ) | |

### DECLARATION

I, PAMELA ROBERTS, declare as follows:

1. I am an Attorney for the United States Parole Commission, with offices at 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

2. This declaration supplements the previous declaration that I prepared on September 27, 2006, in regard to Mr. DeMartino's pending Freedom of Information Act (FOIA) request. Mr. DeMartino submitted a FOIA request seeking documents from the parole supervision maintained by the U.S. Probation Office in the Eastern District of New York.

3. On October 12, 2006, the Parole Commission received a letter from Mr. DeMartino stating that he wanted "all documents" pertaining to his request of November 28, 2006, but requested a fee waiver in regard to any costs associated with processing his FOIA request. See Exhibit A.

4. By letter dated November 2, 2006, the Commission replied to Mr. DeMartino's request for a fee waiver. See Exhibit B. After considering several factors, the Commission advised plaintiff that his request for a fee waiver was denied.

1

5. On November 17, 2006, the Commission received a letter from Mr. DeMartino in which he limited the scope of his request to documents located in the supervision file between two specific time periods. See Exhibit C.

6. On December 5, 2006, the Commission requested that the U.S. Probation Office in the Eastern District of New York provide the Commission with the documents specified by Mr. DeMartino in his November 2006 request. Once those records are received by the Commission, they will be reviewed and processed under the FOIA and a response will be sent directly to Mr. DeMartino.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: 12/5/06

*Pamela Roberts*
PAMELA ROBERTS
Attorney
U.S. Parole Commission

U.S. DEPARTMENT of JUSTICE
United States Parole Commission
5550- Friendship Boulevard                    Oct, 5, 2006.
Chevy Chase, Maryland. 20815-7201

ATTENTION: Mr. Daniel W. Powell
           Student Intern                     OCT 12 2006
       RE: Pending Disclosure Request.

Dear Mr. Powell
        I am in recite of your August 29, 2006 letter. I recived it on Oct 4, 2006. Please correct my address you sent it to the wrong place I live at (see inclosed letter your's)

        "U.S.P. BEAUMONT
         Vincent De Martino
         22044-053
         P.O. BOX 26030
         Beaumont, Texas. 77720"

I WANT ALL DOCKEMENTS PERTAINING TO MY REQUEST OF NOVEMBER 28, 2006.

Thanking You in advance for your time.

                          Sincerely,
                          Vincent De Martino
                          ──────────────────
                          Vincent De Martino
                          22044-053
                          U.S.P. BEAUMONT
                          P.O. Box 26030
                          Beaumont, Texas 77720

P.S.
    I am persently incarcerated at the UNITED STATES PENITENTIARY BEAUMONT, Texas.
    It would be greatly appreciated if you would WAIVE the fees for this FOIA request since I am incarcerated and I need this information. Thanking you once again.


cc. file.





**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

November 2, 2006

Mr. Vincent A. Demartino
Reg. No. 22044-053
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Texas  77720

Dear Mr. Demartino:

In response to your request for a fee waiver, the statutory test for evaluating fee waiver requests is whether the release of information "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in commercial interest of the requester," in which event a fee waiver or reduction is required by law.  5 U.S.C. 552(a)(4)(A)(iii).

I considered six factors in my determination as to whether your request satisfies this statutory standard:  (1) whether the subject of the requested records concerns "the operation or activities of the government"; (2) whether the disclosure is "likely to contribute to an understanding of government operations or activities"; (3) whether disclosure of the requested information will contribute to "public understanding"; (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities; (5) whether the requester has a commercial interest that would be furthered by the requested disclosure; and (6) whether any such commercial interest outweighs the public interest in disclosure. See 28 C.F.R. Section 16.11(k), 52 Fed. Reg. 33229, 33232-33 (Sept. 2, 1987).  Please be advised that indigence, without more, is an insufficient basis for the granting of a fee waiver. Ely v. Postal Service, 753 F.2nd 163, 165 (D.C. Cir.), cert. denied, 471 U.S. 1106 (1985)

On the basis of all of the information available to me, I have concluded that your request for a waiver of fees should be denied.  In reaching my conclusion, I have analyzed the above six factors as they apply to the circumstances of your request.  I am unaware of any significant public understanding of government operations or activities that would result from the release of the records you have sought.  Furthermore, inasmuch as the subject of the requested records is yourself, it appears that the only person that would benefit to any discernible extent from the disclosure is you, and therefore, such a release would not contribute to the "public understanding."  Indigence alone does not entitle you to a fee waiver.  There must be some credible showing of a contribution to the public understanding that would result from the disclosure.

You may appeal the Parole Commission's decision to deny your fee waiver request to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815,

GOVERNMENT EXHIBIT
B

Counsel. Please mark your envelope and letter Fee Waiver Appeal. Your appeal must be made within thirty days of your receipt of this letter.

If you are willing to pay the anticipated fees, please advise the undersigned. In the alternative, you may submit a new request limiting the scope of your request to avoid the incurrence of a fee.

Sincerely,

Bartholomew D. Allen
FOIA Specialist

```
                                    Vincent DeMartino
                                    Reg. No. 22044-053
                                    USP Beaumont
                                    P.O. Box 26030
                                    Beaumont, Texas 77720
    NOV 17 2006
                                    November 12, 2006
```

Bartholomew D. Allen
FOIA Specialist
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Re: <u>Your 11/2/06 Letter Re: My FOIA Request</u>

Dear Mr. Allen:

I write with reference to your 11/2/06 letter to me in which you state that a fee waiver will not be granted with regard to my Freedom of Information Act Request.

You further state in that letter that I may limit my request to avoid the incurrence of a fee. As such, I am limiting my request as follows:

1. Provide any and all information from May 1, 1999 through July 1, 1999.

2. Provide any and all information from July 1, 2001 through September 30, 2001.

This request is made pursuant to Title 5 U.S.C. 552, et seq. ("the Freedom of Information Act). A certificate of identity is attached. If there is a fee, please notify me with respect to the amount so I can arrange for payment. If there is no fee, please provide whatever you have as soon as possible.

In addition to the information described above, please also provide the letter from Assistant United States Attorney Notopoulos of the Eastern District of New York U.S. Attorney's Office, dated November 5, 2001.

                                    Respectfully,

                                    /s/ Vincent DeMartino
                                    VINCENT DeMARTINO

ATTACHMENT


GOVERNMENT EXHIBIT C