RECEIVED
DEC 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VINCENT De MARTINO,            )
                               )
        Plaintiff,             )  Case No: 1:06-CV-00879-RJL
                               )
    vs.                        )
                               )
FEDERAL BUREAU OF              )
INVESTIGATION, et al.,         )
                               )
        Defendants.            )

### DECLARATION OF VINCENT De MARTINO

I, Vincent De Martino declare the following to be true and correct statement of facts and laws:

1. A review of the government's Motion for Summary Judgement shows that no matter how clumsily I cast my request or how inartfully I drafted my pleadings, they were aware of what I asked for. There position is, then, "that each document that falls within the class requested has been produced, not withheld, is unidentifiable, or is exempt from disclosure," and that, in any event, I have not exhausted my administrative remedies, an obvious incongruous position.

2. They are apparinty saying that although they are not required to comply because of lack of exhaustion of administrative remedies, they have complied anyway with all statuatory requirements. Both position are disingenuous.

3. First, what documents they produced have been redacted to meaninglessness. For all other documents withheld or index I am at the mercy of legions of techmocrats who can, at will cast them in whatever light they choose, without hindrance.

Second, if they have complied as alleged, what do they contend could be further achieved with further administrative efforts I have already engaged in <u>ad nauseum.</u>

4. In fact I am the victim of what the court in <u>Vaughn -vs- Rosen</u>, 484 F.2d 820 (D.C. Cir1973) presciently termed "governmental obfuscation and mischaracterization," additionally, the Bureau of Prisons maintain incorrect information in my file and uses the incorrect information in determinations adverse to me as discuessed in <u>Sellers -vs- Bureau of Prisons</u> 959 F.2d 307 (D.C. Cir 1992).

5. In any event, I am in prison as a result of being wrongfully convicted of committing a violent act in aid of organized crime. The only violent act I committed was done to satisfy a personal vendetta against an individual who seduced my wife (now ex-wife) while I was in prison on a previous charge.

6. I have asked for production of the "911" tape regarding my case, which Alfandor had no license plate number available for reporting. This information would have been favorable to my defence. Yet, mysteriously, by trial time for me, there was available a license number allegedly from him for a vehicie that could be trace to me; an obvious fabrication. Even though the government continues prosecutions arising out of that event, the government inexplicably contends that the "911" tape has been destroyed; an oxymoron if ever there was one.

7. I was convicted because of ineffective assistance of counsel, in addition to other constitutional violations by government counsel.

(2)

My trial attorney. unknown to me until after I was sentenced and appeals exhausted, had a conflict of interest that adversely affected his performance. He represented a mafia informant who actually produced evidence used in my trial against me. I discovered this as a result of Government made 302's that came to me from another lawyer representing a defendant in another prosecution. My lawyer was Mr. James LaRossa. The government informant was Mr. William Cutolo Jr. Attached are the 302's reflacting LaRossa's representation of Cutolo Jr. for the court's observation.

   8. Even though I have requested all information concerning James LaRossa's relationship with William Cutolo Jr. in the government files they contend there is none available. This is obviously false, as reflected by the attached F.B.I. 302's.

   9. I am now trying to recover my entire file from LaRossa to file an all inclusive post conviction motion for relief and retrial with representation by a conflict free counsel to which I am constitutionally entitled.

   10. I have been wrongfully convicted and incarcerated and suffer further as a result of false information maintained on me by the government agencies involved in this action.

   11. The government adds extreme "insult to injury" with me by continuing to classify me with "separatees" in order to deprive me of being housed near my family thereby depriving me of visitation with my wife and young chrildren who cannot afford to travel long distances. My sentenceing judge even requested that I be housed as near to the New York area as possable.

(3)

12. There is no need to have "separatee" classifications and I am given no oppartunity to explain why this is erroneous and unfair.

13. This case is not ripe for summary judgement and the defendants motion should be denied.

Respectfully Submitted,

*Vincent DeMartino* (signature)

Vincent De Martino
22044-053
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Texas. 77720

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription  11/15/99

INFORMATION CONTAINED HEREIN IS SINGULAR IN NATURE AND SHOULD NOT BE DISSEMINATED WITHOUT PRIOR CASE AGENT APPROVAL.

SOURCE, who is in a position to testify, provided the following information, after conducting a consensually recorded conversation with recording equipment provided by the undersigned Special Agent of the FEDERAL BUREAU OF INVESTIGATION, with JOHN "JACKIE" DEROSS and others at the residence at 515 Butler Avenue, Staten Island, New York.

The SOURCE and DEROSS discussed the following and other topics:

DEROSS and the SOURCE discussed why the CUTOLO family had accused VINCENT DEMARTINO, who the SOURCE knows to go by the nickname of "CHICKY," of the murder of WILLIAM CUTOLO, SR. They also discussed why JAMES LAROSA, an attorney for the CUTOLO Family, advised the CUTOLO Family that ALPHONSE PERSICO, who the SOURCE knows to go by the nickname of "ALLIE BOY," was arrested the previous day for the murder of CUTOLO.

DEROSS advised the SOURCE of the following while DEROSS was located inside his vehicle, a white Lincoln, which was parked in front of the above location:

In regards to the disappearance of WILLIAM CUTOLO, DEROSS indicated that CUTOLO got away from the old times and associated with young individuals. DEROSS indicated that CUTOLO did not need the large house that he lived in and that when DEROSS returned home from his incarcerated and received monies from CUTOLO, DEROSS did not fix his house up. DEROSS indicated that he could have bought a new house at this time but he did not. DEROSS added that ALLIE (ALPHONSE PERSICO) was inquiring as to the attitude of CUTOLO's son. DEROSS advised PERSICO that CUTOLO's son was fine in that he was not contemplating any retaliation for the disappearance of his father.

Investigation on  10/11/99  at  Undisclosed

:#  166A-NY-271927, 281A-NY-268009, 270A-NY-273029   Date dictated  10/18/99
    281A-NY-250242
by  SA GARY J. PONTECORVO/njs

2

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription  11/24/00

**INFORMATION CONTAINED HEREIN IS SINGULAR IN NATURE AND SHOULD NOT BE DISSEMINATED WITHOUT PRIOR CASE AGENT APPROVAL.**

SOURCE, who is in a position to testify, provided the following information after conducting a consensually recorded conversation, with recording equipment provided by the undersigned Special Agent of the Federal Bureau of Investigation (FBI) with ANDREW WEINSTEIN, attorney at the offices of JAMES LAROSSA, 41 Madison Avenue, 34th Floor, New York, New York, from approximately 3:00 p.m. to 4:00 p.m.:

The consensually recorded conversation included, but was not limited to the following:

WEINSTEIN advised the SOURCE that the extortion charge lodged against the SOURCE by the Eastern District of New York was dismissed. WEINSTEIN also indicated that the new assault charge which the SOURCE has been indicted under by law enforcement is a serious offense. WEINSTEIN provided sentencing guidelines and indicated that he would be contacting other lawyers or possible co-defendants of this charge.

The SOURCE and WEINSTEIN also discussed monies provided by the SOURCE's mother to WEINSTEIN and LAROSSA for the defense of the SOURCE.

---

Investigation on  11/9/00  at  (UNDISCLOSED)

File # 166A-NY-271927; 270A-NY-273029          Date dictated  11/14/00

by  SA GARY J. PONTECORVO:ja

8S

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302 (Rev. 10-6-95)

- 1 -

FEDERAL BUREAU OF INVESTIGATION

Date of transcription  07/16/01

**INFORMATION CONTAINED HEREIN IS SINGULAR IN NATURE AND SHOULD NOT BE DISSEMINATED WITHOUT PRIOR CASE AGENT APPROVAL.**

SOURCE, who is in a position to testify, provided the following information:

Upon WILLIAM CUTOLO, SR.'s request during his incarcerated from approximately November, 1993 to December, 1994, the SOURCE controlled and maintained records of payments made by members of CUTOLO's crew from the profits of their illegal activities which included loan sharking (shylock) and extortion. CUTOLO explained to the SOURCE how to collect these funds. CUTOLO advised the SOURCE to collect no money in the open, to have no money on the SOURCE's person, and never to have a sheet recording the payments on the SOURCE. CUTOLO advised that the documents to record the payment information were in box in the attic of CUTOLO's residence under the installation. The SOURCE retrieved the documents and began to collect the payments as CUTOLO indicated. The SOURCE visited CUTOLO at the Metropolitan Detention Center every Saturday and Wednesday and reported on the payment collections that were made.

The SOURCE categorized the shylock payments the SOURCE collected into two basic categories; shylock payments of vigorish and principal payments on shylock loans. These shylock loans were initiated by CUTOLO with illegal funds obtained by CUTOLO. The SOURCE also collected tribute payments from individuals that provided a weekly or monthly payment to CUTOLO and payments of certain percentages of income from businesses that CUTOLO had influence over.

The shylock payments the SOURCE collected were from the following and other individuals known and unknown to the SOURCE:

ARTIE, who was a friend of VINCENT "CHICKY" DEMARTINO; MICHAEL "MIKEY SPATS" SPATARO; DOMINICK "BIG DOM" DIONISIO; FRANK "FRANK CAMPI" CAMPANELLA. CAMPANELLA had numerous shylock loans of his own utilizing CUTOLO's shylock money at GALLO WINES in Long Island, New York. An older white male with the nickname MOE; LEWIS PATE; TOMMY MUSSO; MICHAEL DONATO; RALPH "RALPHIE GUCH" GUCCIONE; MICHAEL TOCCI, who paid approximately twelve to

---

Investigation on  11/30/00   at  UNDISCLOSED

File # 166A-NY-271927, 270A-NY-271927   Date dictated  12/07/00

by  SA GARY J. PONTECORVO:aar

277

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

02a (Rev. 10-6-95)

166A-NY-271927, 270A-NY-273029

Continuation of FD-302 of __SOURCE__ , On __11/30/00__ , Page __2__

fifteen thousand dollars per week and JERRY KOOCHI (Phonetic).

    Some of the tribute and business percentage payments collected by the SOURCE during this period were initially collected by FRANK CAMPANELLA and then provided to the SOURCE. CAMPANELLA collected payments from the following individuals that he provided to the SOURCE:

    ANTHONY SAINATO from GALLO WINES. The payment was approximately monthly and was ten percent of the gross profits of the business GALLO WINES; ANTHONY LAST NAME UNKNOWN (LNU) from VESUVIO FOODS, a food distribution business located in New Jersey; LEWIS CAPOLINO from the business of EL-CEE TRUCKING; JOHN LNU from the REX MANOR, a catering hall on 11th Avenue and 61st Street, Brooklyn, New York; an individual with the nickname JOHNNY SALADS from his business; SAM ANGULLI of ANGULLI MOTORS on Staten Island. CAMPANELLA and his brother, JOSEPH CAMPANELLA, collected from an individual with the nickname JIMMY THE FRUIT GUY, who owned and operated ISLAND WIDE FRUITS in Brooklyn, New York.

    The SOURCE made collections directly from several individuals that included, but was not limited to the following:

    Two Middle Eastern individuals in their forties from Third Avenue in Brooklyn, New York, who had a business which was associated with LOCAL 400 UNION, which CUTOLO was an officer; FRANK "FRANKIE COLLISION" TORMENIA from ANDY'S COLLISION, Brooklyn, New York; an older white male with the nickname MOE. The payments were profits of MOE's gambling operation which he and CUTOLO were fifty-fifty partners. Some of the individuals that worked for MOE in his gambling operation had the nicknames COWBOY and BOOTS. The SOURCE collected between two thousand and ten thousand dollars from MOE each week.

    The SOURCE also made payments for CUTOLO and CUTOLO's co-defendants respective lawyers. The SOURCE paid JAMES LAROSSA several times in his office an envelope of cash. LAROSSA did not open the envelope in the SOURCE's presence but placed it in his suit jacket. LAROSSA was CUTOLO's defense attorney during this period. The SOURCE also provided money to VINCENT RUSSO for the defense attorney of his son, JOJO RUSSO. The SOURCE provided cash to JOSEPH IANNACI, a soldier in the COLOMBO CRIME FAMILY for

278

FD-302 (Rev. 10-6-95)

166A-NY-271927, 270A-NY-273029

Continuation of FD-302 of __SOURCE_____, On __11/30/00__, Page __3__

his son, FRANK "FRANKIE NOTCH" IANNACI. IANNACI's attorney was BRUCE CUTLER.

The SOURCE also paid LES LEVIN, who was the private investigator for LAROSSA, in cash several times. The SOURCE provided cash to MICHAEL "MIKEY SPATS" SPATARO'S wife, THERESA, for his lawyer. The SOURCE provided cash for FRANK CAMPANELLA's lawyer.

CERTIFICATE of SERVICE

     I hereby certify the foregoing motion Declaration of Vincent De Martino # 22044-053 was served by first class mail on this 21, day of December 2006 upon.

Assistant United States Attorney
KARN L.MELINIK D.C. BAR # 436452
555-4th Street  N.W. Room # E 4112
Washington,D.C. 20530

*Vincent De Martino*

USP Beaumont
Vincent De Martino
22044-053
P.O. Box 26030
Beaumont.Texas 77720