UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VINCENT DEMARTINO, )
)
      Plaintiff, )
)
v. )  Civil Action No. 06-0879 (RJL)
)
F.B.I. *et al.*, )
)
      Defendants. )

MEMORANDUM OPINION
September 27, 2007

In this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, plaintiff challenges responses to his FOIA requests for records made to several Department of Justice components and alleges that they are willfully and knowingly maintaining inaccurate records about him in violation of the Privacy Act. He seeks injunctive relief and monetary damages. Defendants move for partial summary judgment. Upon consideration of the parties' submissions and the relevant portions of the record, the Court GRANTS defendants' motion.

Plaintiff names as defendants the Bureau of Prisons ("BOP"), the Executive Office for United States Attorneys ("EOUSA"), the Federal Bureau of Investigation ("FBI"), the FBI's National Crime Information Center ("NCIC"), and the United States Probation Office for the Eastern District of New York.[1] As a court unit, the Probation Office is not subject to the

---

[1] Although defendants' counsel has expended a significant amount of space discussing the United States Parole Commission, plaintiff has not named the Commission as a party-defendant and has not amended the complaint to include it. Nor has the Commission been

(continued...)



requirements of the FOIA and Privacy Act. *See* 5 U.S.C. § 551(1)(B) (excluding courts from the definition of agency); *Callwood v. Dep't. of Probation of the Virgin Islands*, 982 F. Supp. 341, 343 (D.Vi. 1997) (citing cases). The complaint against this defendant therefore is dismissed.

## I. BACKGROUND

The following facts, taken from defendants' documented statement of material facts, are not disputed.

1. BOP Records

By requests dated November 15, 2005, November 24, 2005, and December 26, 2005, plaintiff sought records from BOP's Northeast Regional Office. He first requested what appears to be parole information about himself covering the years of 1999, 2001 and 2003 and particularly all material pertaining to the shooting of Joseph Campanella on July 16, 2001. Def.'s Mot., Declaration of Christina V. Hauck-Decur ("Hauck-Decur Decl."), Att. 1 (FOIA Request). In the second request, plaintiff sought records pertaining to an afternoon shooting on July 16, 2001, at West 32nd Street and Surf Avenue in Brooklyn, New York. *Id.*, Att. 6. In what BOP refers to as plaintiff's third request, plaintiff asked if it could "forward what you have in my file[,] Case # 2006-01594," *id.*, Att. 8, which was the number assigned to the first request. Hauck-Decur Decl. ¶ 5.

---

[1](...continued)
"added as a party through joinder or intervention." *Peralta v. U.S. Attorney's Office, Central District of California*, 136 F.3d 169, 173 (D.C. Cir. 1998). The Court therefore will not consider arguments presented on the Commission's behalf, and its rulings are not binding with respect to this non-party entity. *See id.* at 175 ("On remand, the district court's first task is to . . . resolve who the defendant or defendants are in this case.").

BOP's initial searches based on plaintiff's first and second requests yielded no responsive records. *Id.* ¶¶ 5, 8. In response to the third request, BOP informed plaintiff that he could seek review of his BOP file at his correctional facility where "[c]opies of disclosable documents may be obtained locally." *Id.*, Att. 9. Based on its interpretation of the three requests, BOP staff at the South Central Regional Office searched plaintiff's inmate central file for "documents relating to [the Campanella shooting]," which "forms the basis for [plaintiff's] current term of incarceration," and located 165 pages of responsive records. *Id.* ¶¶ 10-11. BOP released to plaintiff six whole pages of material and 64 redacted pages. It withheld 67 whole pages and allowed plaintiff to review 28 pages that comprised his Presentence Investigation Report ("PSR"). *Id.* ¶ 11.[2]

2. EOUSA Records

Upon receiving plaintiff's complaint, EOUSA searched its computer case tracking system for a FOIA/Privacy Act request. It determined that plaintiff had "made a request dated July 29, 1992," but the file was "closed September-October 1992, without any administrative appeal occurring thereafter." Def.'s Mot., Declaration of John F. Boseker ("Boseker Decl.") ¶ 6.

3. Privacy Act Claim

Neither the BOP, the FBI nor the EOUSA has a record of plaintiff having sought correction of records. Hauck-DeCuir Decl. ¶¶ 29-31; Def.'s Mot., Declaration of David M. Hardy ("Hardy Decl.") ¶ 27; Boseker Decl. ¶ 6.

---

[2] *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 625 (D.C. Cir. 2006) (approving BOP's policy of limiting prisoners' access to their PSRs to perusal of them in a central location).

## II. DISCUSSION

Defendants move for partial summary judgment on the FOIA claims against BOP and EOUSA and for summary judgment on the Privacy Act claims against all defendants.[3] Summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When evaluating a summary judgment motion, the Court must view the evidence in favor of the nonmoving party and believe and give benefit of all reasonable inferences drawn from the nonmoving party's evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). As a general rule, "[i]n deciding whether there is a genuine issue of fact before it, the court must assume the truth of all statements proffered by the party opposing summary judgment." *Greene v. Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999). "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994) (citing *Alyeska Pipeline Serv. Co. v. United States Envtl. Protection Agency*, 856 F.2d 309, 314 (D.C. Cir. 1988)). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "[T]he court may assume that [uncontested] facts identified by the moving party in its statement of material facts are admitted." LCvR 7(h).

---

[3] Defendants have not moved for dispositive relief on the FOIA claim against the FBI. In view of their status report filed on December 6, 2006 [Dkt. No. 25], the Court will direct the filing of a dispositive motion on the remaining claim.

*1. Plaintiff's FOIA Claims*

FOIA requires a federal agency to "make [requested] records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The Court is authorized under the FOIA only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). An agency's disclosure obligations extend to responsive records in the agency's possession at the time of the request. *See National Sec. Archive v. Archivist of the U.S.*, 909 F.2d 541, 544-45 (D.C. Cir. 1990) ("[T]he agency must have "possession or control" over a document before it may be deemed to be "withholding" it.") (quotation marks in original) (footnote and citation omitted).

When reviewing a FOIA claim, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, when, as here, documents are withheld in their entirety, the district court has an "affirmative duty" to consider whether nonexempt information could have been segregated from exempt information and released. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027 (D.C. Cir. 1999) (internal citations omitted).

In what is construed as his opposition to the motion at hand, plaintiff questions generally defendants' withholdings and their searches to the extent that a "'911' tape regarding my case" was not produced. Declaration of Vincent DeMartino ("Pl.'s Opp.") [Dkt. No. 27] ¶¶ 3, 6.[4] As will become apparent, this challenge is applicable only to BOP's actions.

Plaintiff does not contest, and therefore concedes, defendants' evidence indicating that his FOIA/Privacy Act request to EOUSA "was closed September-October 1992, without any administrative appeal occurring thereafter." Def.'s Facts ¶ 16 (citing Boseker Decl. ¶ 6).[5] Because the exhaustion of administrative remedies is a condition precedent to bringing a FOIA or Privacy Act lawsuit, see Hidalgo v. Federal Bureau of Investigation, 344 F.3d 1256, 1258-60 (D.C. Cir. 2004) (FOIA); Davis v. U.S., 84 Fed. Appx. 97 (D.C. Cir. 2003) (citing Dickson v. OPM, 828 F.2d 32, 40 (D.C. Cir. 1987)) (Privacy Act), defendants' motion for summary judgment on the claims against EOUSA will be granted.

Plaintiff does not contest, and therefore concedes, defendants' facts in support of summary judgment for BOP. The Court is satisfied from BOP's declaration (and accompanying Vaughn index[6]) that BOP properly redacted information under FOIA exemptions 2, 5, 7(C) and 7(F). See Hauck-Decur Decl. ¶¶ 14-25. In addition, BOP has shown that it examined each

---

[4] Plaintiff also states that he requested "all information concerning James LaRossa's relationship with William Cutolo Jr. [but] they contend that there is none available." Id. ¶ 8. Plaintiff does not provide a record cite for this FOIA request or identify who "they" are, but it appears from his references and attachments that he is referring to an FBI response. Because a dispositive motion addressing the FOIA claim against the FBI has yet to be filed, the circumstances surrounding the FBI's search is not currently before the Court.

[5] By Order of October 26, 2006, plaintiff was advised about his obligation to rebut defendants' facts with his own facts showing that there is a genuine issue for trial, and the consequences if he did not.

[6] See Vaughn, 484 F.2d at 826-27.

responsive record to determine whether it could be released in whole or in part, and it properly withheld 67 pages of third-party information in their entirety. *See id.* ¶¶ 26, 28. As for the search, BOP staff at the South Central Regional Office located records after searching plaintiff's inmate central file maintained at his institution. Because that file houses "[a]ll information the BOP [gathers] on the inmates in custody," *id.* ¶ 12, it was the most likely location of responsive records. The fact that the 911 tape was not located in plaintiff's inmate file does not create a triable issue on the search because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994)). Plaintiff has not provided any basis for questioning BOP's search methods, and the Court discerns none.

In the absence of a specific challenge to BOP's application of the foregoing exemptions to the withheld information or the search performed, the Court concludes that defendants are entitled to judgment as a matter of law on the FOIA claim against BOP.

*2. Plaintiff's Privacy Act Claims*

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]. . . ." 5 U.S.C. § 552a(e)(5). Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991). Subsections (g)(1)(A) and (C) authorize civil actions to enforce the

amendment and accuracy requirements. In addition, subsection (g)(4) provides for monetary damages, costs and attorneys' fees where the agency is shown to have acted intentionally or willfully. See Doe, 936 F.2d at 1350; accord Deters v. United States Parole Commission, 85 F.3d 655, 660-61 (D.C. Cir. 1996); Sellers v. Bureau of Prisons, 959 F.2d 307, 310-12 (D.C. Cir. 1992). An agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure" to maintain accurate records and "consequently a determination is made which is adverse to the individual. . . ." 5 U.S.C. § 552a(g)(1)(C) and (g)(4)(A).

Plaintiff has not refuted defendants' documented statements that he failed to exhaust his administrative remedies by taking the initial steps of notifying the BOP, the FBI and the EOUSA about the alleged false information contained in his records and requesting amendment of the records.[7] Def.'s Facts ¶¶ 16, 19-22. Defendants therefore are entitled to judgment as a matter of law on the Privacy Act claims based on plaintiff's failure to exhaust administrative remedies.

For the reasons stated above, defendants' motion for partial summary judgment is GRANTED. A separate Order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

---

[7] Plaintiff fares no better with the complaint insofar as he identifies neither the alleged erroneous information nor the records or documents containing such information. He therefore has not pleaded a Privacy Act claim for injunctive relief or for damages. Although a damages claim does not require administrative exhaustion before proceeding into court, Hubbard v. United States Environmental Protection Agency, 809 F.2d 1, 4 (D.C. Cir. 1986); M.K. v. Tenet, 99 F. Supp.2d 12, 20 (D.D.C. 2000), it still must be premised upon an identifiable inaccurate record, which simply is not pleaded here.