UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VINCENT DeMARTINO,<br><br>　Pro Se Plaintiff,<br><br>　v.<br><br>F.B.I., et al.,<br><br>　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06CV0879 (RJL)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR AN ENLARGEMENT OF TIME**

Defendant, the Federal Bureau of Investigation ("FBI") hereby moves, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, for an enlargement of time within which to file a dispositive motion to Plaintiff's Complaint. In support of this request, defendant FBI states as follows:

1. On September 27, 2005, the Court granted defendants' motion for partial summary judgment regarding Plaintiff's Freedom of Information Act ("FOIA") and Privacy Act claims against the Bureau of Prisons and the Executive Office for United States Attorneys. See Dkt. 30. The Court also ordered, *sua sponte*, that Plaintiff's Complaint against the United States Probation Office be dismissed. See Dkt. 31. Judgment was also entered for the FBI regarding Plaintiff's Privacy Act claim. See id.

2. With respect to Plaintiff's FOIA claims against the FBI, the Court ordered that defendants file a summary judgment motion within thirty (30) days of the Court's Order. See id. The defendants' motion is due to be filed on October 29, 2007.

The defendant FBI is requesting an additional sixty (60) days to file a motion for summary judgment. This extension of time will: (a) allow the FBI to complete the review and assertion of applicable FOIA exemptions for those documents responsive to Plaintiff's requests – currently estimated to be approximately 275 pages and one CD-ROM containing photographs located at the NYFO, and approximately 242 pages located at FBIHQ; and (b) allow the FBI to prepare a thorough <u>Vaughn</u> declaration for documents withheld in full or in part in support of the FBI's motion for summary judgment. <u>See</u> Declaration of Peggy L. Bellando ("Bellando Decl.") at ¶ 6.

### FBI'S EFFORTS TO COMPLY WITH THE CURRENT DEADLINE

3. Since the filing of the Court's Order on September 27, 2007, the FBI has conducted a second search of the NYFO and FBIHQ automated indices to the Central Records System ("CRS") for records responsive to plaintiff's requests. <u>See</u> Bellando Decl. at ¶ 7. During this search of the CRS, FBIHQ confirmed the existence of one main file consisting of approximately 242 pages located at FBIHQ, in which Plaintiff is listed as one of several subjects. This FBIHQ file concerns the Plaintiff's involvement in a criminal enterprise investigation, which is an investigation of a group of individuals with an identified hierarchy, or comparable structure, engaged in significant criminal activity. <u>See</u> <u>id.</u> at ¶ 8.

4. In addition to these FBIHQ records, a search of the CRS located one investigatory file in the NYFO consisting of approximately 275 pages of potentially responsive records, as well as a CD-ROM containing photographs. This file contains

information that led to the jury verdict against the Plaintiff, on or about May 6, 2004, for conspiracy to commit murder and related gun charges, pursuant to 18 U.S.C. §§ 1959 and 924(c), respectively. Plaintiff began serving a 25-year sentence on February 15, 2005, for these crimes, and appealed his conviction on or about February 15, 2005, see Vincent DeMartino v. United States, Cr. App. No. 05-977 (2nd Cir.). That appeal is still pending as of this date. See Bellando Decl. at ¶ 9.

5. In addition to the criminal proceedings involving the Plaintiff, Plaintiff's co-conspirators will also be tried. In fact, two of Plaintiff's co-conspirators are presently set to be tried on or about November 6, 2007. So long as any criminal proceedings are still pending, including the forthcoming trials of Plaintiff's co-conspirators, Plaintiff's own appeal, as well as the possibility of subsequent appeals, rehearings and/or rehearings en banc in the Court of Appeals, and the potential for petitions for certiorari in the U.S. Supreme Court, the FBI will continue to withhold the investigatory files from the NYFO and involved in these underlying criminal proceedings in full – aside from any public source material – pursuant to Exemption 7(A).[1] See Bellando Decl. at ¶ 9.

6. Aside from any public source material, none of the responsive material in the

---

[1] 5 U.S.C. § 552 (b)(7)(A) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings . . . ." Application of this exemption requires: the existence of law enforcement records; a pending or prospective law enforcement proceeding; and a reasonable expectation that release of the information would interfere with the enforcement proceeding.

       NYFO file can be released to Plaintiff without jeopardizing the pending prosecutive efforts related to Plaintiff. Several potential harms from the release of this information exist: (a) the identification of individuals, sources, and potential witnesses who possess information relative to the investigation and possible harm to, or intimidation of these individuals; (b) the use of information released to counteract evidence developed by investigators; (c) the use of information released to uncover the government's trial strategy; and (d) the release of this information to third parties not directly involved in this matter could allow these third parties to interfere with the pending proceedings by harassment, intimidation, and creation of false evidence by dispensing extraneous facts discussed during the FBI's investigation. Once a release is made to Plaintiff under the FOIA, his use and dissemination of the information to third parties is unrestricted. See Bellando Decl. at ¶ 10.

7. Two additional significant factors serve as a basis for the FBI's requested extension of time of sixty (60) days: (a) the demands created by the physical relocation of a portion of RIDS personnel and resources from FBIHQ to the interim facility in Frederick County, Virginia; and (b) several urgent and competing litigation deadlines, both of which will be discussed in further detail below. See id. at ¶ 11.

### RMD Relocation to Frederick County, Virginia

8. The decision to locate the permanent FBI Central Records Complex ("CRC") site to Frederick County, Virginia, was recently finalized by the U.S. General Services

        Administration.  The FBI has begun the temporary relocation of RMD sections to interim sites in Frederick County, Virginia, and will continue with a full relocation of its workforce once the permanent CRC is built and ready for occupancy, sometime around the year 2010.  The interim sites are approximately 90 miles out of the Washington, D.C. Metropolitan area – about a 1½-hour drive from FBIHQ.  See Bellando Decl. at ¶ 12.

9. RIDS began relocation of its operations in February 2006 by establishing an advance team to prepare for the eventual relocation of RIDS in incremental stages.  During the summer of 2006, RIDS began the first phase by relocating five and one half of its ten FBIHQ unit functions to an interim site - specifically half of the Service Request Unit, and all of Work Process Unit One, Work Process Unit Two, FOIPA Unit One, FOIPA Unit Two, and Classification Unit Two.  To ensure continuing RIDS operations during the move, half of the Service Request Unit function and the functions of FOIPA Unit Three, Classification Unit One, Classification Unit Three, and the Litigation Support Unit remain at FBIHQ.  These FBIHQ units, with a total of 79 employees currently on board, consist of the most senior and experienced RIDS employees.  A minimum of nine of these employees currently plan to retire on or before the beginning of 2008.  See Bellando Decl. at ¶ 13.

10. As evidenced by the FBI's 2007 FOIA/Privacy Act statistics, RIDS is making every effort to minimize disruption to operations during this transition period.  This has been made all the more challenging as many employees have opted not to

transfer with their unit function, opting to either retire or find other jobs rather than relocate to Frederick County, Virginia. Unfortunately, many of these employees were among the most senior and experienced in their area of expertise. Since RMD announced its off-site relocation plans, a total of 58 former RIDS employees have either resigned, retired, or found other jobs in the Washington, D.C. Metropolitan area, rather than relocate with their unit. To date, a total of 64 RIDS employees from FBIHQ have relocated with their unit to Frederick County, Virginia. See Bellando Decl. at ¶ 14.

11. The FBI is engaged in aggressive and intense recruitment and hiring efforts in the Frederick County, Virginia area. For instance, in response to several recent postings for new hires, RIDS selected 333 individuals for interviews in June and November of 2005 and in January, February, March, August, October, and December of 2006, collectively. Of the 333 individuals selected for interviews, 82 candidates advised they were no longer interested prior to their interview; of the remaining 251 candidates interviewed, 94 either declined the initial offer of conditional employment following their interview or were disqualified during their background investigation; 35 employees have come on board; and the remaining are still pending in the background process. See Bellando Decl. at ¶ 15.

12. Past experience has shown that approximately 33% of those in FBI background investigations successfully complete the hiring process. With approximately 195 employees currently on the rolls, RIDS is 32 positions under its funded staffing level of 227 employees due to attrition. In addition, in light of the continuing

resolution pursuant to which much of the federal government is presently operating, and which has resulted in a hiring freeze until further notice, RMD may not be able to hire any new support employees in the immediate future. The new RIDS employees who have less than one year of experience are in various stages of professional development, but none are yet operating as experienced employees. It takes an average of three years to adequately train a new employee in the FOIA/Privacy Act process to be able to work independently in a productive, efficient, and effective manner. Accordingly, RIDS has only a limited number of experienced employees processing FOIA/Privacy Act requests at this time. See id.

### Pending FOIA Litigations and Administrative Matters

13. Simultaneously with this resource drain, RIDS has experienced a significant increase in its FOIA litigation workload, including several urgent and competing federal district court litigation deadlines, while continuing its efforts to reduce the number of pending administrative appeals. See Bellando Decl. at ¶ 16.

14. In Electronic Frontier Foundation v. Department of Justice, et al., Civ. A. No. 07-CV-00656 (JAB) (D.D.C.), the FBI has been ordered by the Court to process 2,500 pages of documents every month for release to plaintiff pursuant to its FOIA request for records concerning the FBI's use of National Security Letters. This litigation involves an estimated 100,000 pages of potentially responsive documents. The FBI has made four releases to date, with the next release due November 5, 2007. See Bellando Decl. at ¶ 17.

15. In <u>Electronic Frontier Foundation v. Department of Justice, et al.</u>, Civ. A. No. 06-CV-1708 (CKK) (D.D.C.), the FBI has been ordered by the Court to process 800 pages every four weeks in response to plaintiff's FOIA request for records concerning the DCS-3000 System. Approximately 9,883 pages have been identified as potentially responsive in that case, and the FBI has made six releases to date, and will continue to make releases every four weeks until all remaining pages have been processed. <u>See</u> Bellando Decl. at ¶ 17.

16. Moreover, in yet another <u>Electronic Frontier Foundation v. Department of Justice</u> litigation, Civ. A. No. 06-CV-01773 (RBW) (D.D.C.), plaintiff has sought access through FOIA to records related to the FBI's Investigative Data Warehouse, and DOJ has granted expedited processing. Although the FBI was recently successful in resisting plaintiff's motion for preliminary injunction, RIDS continues to review the approximately 72,000 pages of documents initially identified as potentially responsive in an effort to narrow the universe of responsive documents. As of this date, the FBI made its first release on September 28, 2007, having processed 204 pages and having released 169 pages. <u>See id.</u>

17. In the FBI's largest FOIA litigation in its history, <u>Rosenfeld v. U.S. Department of Justice, et al.</u>, Civ. A. Nos. 90-3576-MHP, 85-1709-MHP and 85-2247-MHP (N.D. Cal.), the FBI was ordered by the Court to conduct hand searches of its COINTELPRO files for numerous subjects and to open 13 new FOIA requests on individual subjects. In order to comply with these demands, the FBI has had to realign its personnel resources and make a substantial commitment of resources to

address these court-ordered issues.  See Bellando Decl. at ¶ 18.

18. Plaintiff is not alone in suing the FBI.  The FBI is actively defending numerous other lawsuits in district courts and appellate courts across the country, each with its own set of deadlines.  At this time, the FBI is defending approximately 100 FOIA/Privacy Act lawsuits nationwide.  See id. at ¶ 19.

19. In addition to the numerous pending litigations, RIDS personnel have also had to address the high volume of administrative appeals.  RIDS personnel work closely with the staff of the U.S. Department of Justice, Office of Information and Privacy ("OIP") to review and assist with OIP's responses and determinations regarding pending appeals.  During 2006, the FBI received a total of 1,015 administrative appeals.  As of September 30, 2007, the FBI and OIP had managed to reduce the backlog of pending administrative appeals to 200.  While this represents a significant decrease, it has come at the expense of an additional drain on the FBI's FOIA resources because, inevitably, the time spent by RIDS personnel assisting OIP in addressing these appeals reduces the amount of time that they are able to devote for regular processing duties related to litigation.  See Bellando Decl. at ¶ 20.

20. The FBI takes its responsibilities with regard to the administration of the FOIA/Privacy Act program very seriously, and all reasonable efforts are being made to comply with each and every statutory and court-imposed deadline.  The FBI has made tremendous strides in the allocation of limited personnel resources in order to comply with all of its court-ordered deadlines, as well as the reduction

of its backlog of pending FOIA/Privacy Act requests over time. See Bellando Decl. at ¶ 21.

21. Regrettably however, compliance with these deadlines in the aggregate is not always possible. In this case, the timing issues related to the pending underlying criminal proceedings, coupled with RIDS' resource constraints – further aggravated by RMD's relocation and RIDS' competing litigation deadlines – necessitate the FBI's request for an extension of time of approximately 60 days, or until December 26, 2007. This extension of time will: (a) allow the FBI to complete the review and assertion of applicable FOIA exemptions for those documents responsive to Plaintiff's requests – currently estimated to be approximately 275 pages and one CD-ROM containing photographs located at the NYFO, and approximately 242 pages located at FBIHQ; and (b) allow the FBI to prepare a thorough Vaughn declaration for documents withheld in full or in part pursuant in support of the FBI's motion for summary judgment. See Bellando Decl. at ¶ 21.

22. The defendants are unable to comply with LCvR 7(m) as plaintiff is currently incarcerated.

Wherefore the defendants request until December 26, 2007, to file a motion for summary judgment. A proposed Order accompanies this motion.

                                            Respectfully submitted,

                                            _____/s/_____
                                            JEFFREY A. TAYLOR DC Bar #498610
                                            United States Attorney

                                      /s/
_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney



                                      /s/
_____
KAREN L. MELNIK DC BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. Rm. E-4112
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Extension of Time was served by first-class mail on this 26nd day of October, 2007, upon:

    Vincent DeMartino
    Register No. 22044-053
    FCI Allenwood, P.O. Box 2000
    Unite 1A
    White Deer, PA. 17887

 

                                                /s/
                                  Karen L. Melnik D.C. Bar # 436452
                                  Assistant United States Attorney
                                  555 4th Street, N.W. Rm E4112
                                  Washington, D.C. 20530
                                  (202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VINCENT DeMARTINO            )
                             )
    Pro se Plaintiff,        )
                             )
    v.                       )     Civil Action No. 06-0879 (RJL)
                             )
F.B.I., et al.,              )
                             )
    Defendants.              )
_____ )

ORDER

UPON CONSIDERATION of the Defendant FBI's Motion For Enlargement of Time to File a Motion for Summary Judgment, the grounds stated therefor and the entire record in this matter, it is by the Court this _____ day of _____, 2007, hereby

ORDERED that the said motion be and hereby is granted and Defendant FBI will have until December 26, 2007, to file a motion for summary judgment.

_____
UNITED STATES DISTRICT COURT JUDGE

copies to:

Vincent DeMartino
Register No. 22044-053
F.C.I. Allenwood, P.O. Box 2000
Unit 1A
White Deer, PA 17887

AUSA Karen L. Melnik
U.S. Attorney's Office for the District of Columbia
Civil Division
555 Fourth Street, N.W. Rm. E-4112
Washington, D.C. 20530