UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 4 - 2008
NANCY MAYER WHITTINGTON
U.S. DISTRICT COURT

VINCENT DEMARTINO,          )
                            )
         Plaintiff,         )
                            )
    v.                      )   Civil Action No. 06-0879 (RJL)
                            )
F.B.I. *et al.*,            )
                            )
         Defendants.        )

ORDER

Defendants move for partial summary judgment on the claims against the Federal Bureau of Investigation. Plaintiff, who is proceeding *pro se*, is advised of the following.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456



(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The court specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id.* Under Rule 56(e) of the Federal Rules of Civil Procedure,

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). Thus, parties, such as Vincent DeMartino, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-58. Accordingly, it is

ORDERED that plaintiff shall respond to defendants' motion for partial summary judgment by **February 4, 2008**, or the Court will treat the factual assertions as conceded and, if the circumstances warrant, may grant the relief sought by the FBI.

Date: 1/3/08

RICHARD J. LEON
United States District Judge