UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT DeMARTINO, ) | |
| ) | |
| Pro Se Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06CV0879 (RJL) |
| ) | |
| F.B.I., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT IN PART**

**I. INTRODUCTION**

In response to Defendant's Motion for Summary Judgment in Part ("MSJ in Part"), Plaintiff fails to comply with LCvR 7(h), thus Defendant's Statement of Material Facts should be deemed admitted. To the extent Plaintiff addresses Defendant's arguments, he makes unsupported allegations that Defendant is withholding information that may "prove [him] innocent" of crimes for which he is serving a lengthy sentence. See Plaintiff's Response at 1, 3. He also generally avers that Defendant's motion is "untrue and false." See id. 1-2. Further, Plaintiff argues that the documents Defendant produced were unresponsive to his request. See id. at 2.

Plaintiff's unsupported, conclusory allegations are insufficient to defeat summary judgment. To the extent that Plaintiff believes Defendant did not address all of his FOIA requests, Defendant reminds the Court that it intends to file another motion for summary judgment in part, concerning materials located in the FBI's New York Field Office. Further, to

the extent Plaintiff challenges the adequacy of the search for documents, Defendant moves for summary judgment. Fed. R. Civ. P. 56(c). The Hardy Declaration documents defendant's efforts to locate responsive documents for Plaintiff, and demonstrates that the FBI's redactions and withholdings clearly fall within exemptions to FOIA disclosure requirements.

## II.  LEGAL STANDARDS

Local Rule 7(h) requires that an opposition to a motion for summary judgment be accompanied by "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." The opposing statement of genuine issues must respond directly to the factual statements asserted in the motion for summary judgment. As stated in the rule:

> In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is disputed in the statement of genuine issues filed in opposition to the motion.

LCvR 7(h) (emphases added). See also LCvR 56.1.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247. The party moving for summary judgment need not prove the absence of an essential element of the

nonmoving party's case. Celotex, at 325. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." Id. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Fed. R. Civ. P. 56 requires the party opposing summary judgment to go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986). To avoid summary judgment, the plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. See Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). As a practical matter, this standard for summary judgment means that the agency must provide the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. See, e.g., Center for Nat'l Security Studies v. U.S. Dep't of Justice, 331 F.3d 918, 927 (D.C. Cir. 2003); Hayden, 608 F.2d at 1384, 1386. Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of

the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Security Studies, 331 F.3d at 927.

Typically, the agency's declarations or affidavits are referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). The purpose of a Vaughn index is "to permit adequate adversary testing of the agency's claimed right to an exemption."  NTEU v. Customs, 802 F.2d 525, 527 (D.C. Cir. 1986) (citing Mead Data Central v. United States Dept. of the Air Force, 566, F.2d 242, 251 (D.C. Cir. 1977)), and Vaughn v. Rosen, 484 F.2d at 828.  Thus, the index must contain "an adequate description of the records" and "a plain statement of the exemptions relied upon to withhold each record".  NTEU, 802 F.2d at 527 n.9.

The Vaughn Index serves a threefold purpose: (1) it identifies each document withheld; (2) it states the statutory exemption claimed; and (3) it explains how disclosure would damage the interests protected by the claimed exemption.  See  Citizens Com'n on Human Rights v. Food and Drug Admin., 45 F.3d 1325, 1326 (9th Cir. 1995).  Here, the FBI submitted the Declaration of David M. Hardy and a coded Vaughn index in support of its Motion for Summary Judgment in Part.  They itemize, identify, and describe the documents responsive to Plaintiff's FOIA requests (to the extent responsive documents were found), and set forth the justification for exemptions claimed for the withholding of certain documents.  Moreover, Defendant identifies the applicable exemption claimed on every page produced to Plaintiff.

### III.  ARGUMENT

Plaintiff appears to challenge generally Defendant's claimed exemptions because he believes the documents produced have been rendered "meaningless."  See Plaintiff's Response at 1.  As noted in Defendant's MSJ in Part, the contents of Plaintiff's criminal investigation case file are exempt from the Privacy Act's disclosure provision.  See MSJ in Part at 13-14.  Although access to the records was denied under the Privacy Act, they were also processed under the access provisions of the FOIA.

Regarding the FBI's application of Exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F), Plaintiff fails to make a cognizable challenge.  As Defendant argued in its MSJ in Part at 14-41, the FBI responded properly to Plaintiff's FOIA request, releasing to him all records and segregable portions thereof not exempted from disclosure.  Because Defendant demonstrated that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure, Defendant is entitled to summary judgment.  Matsushita, 475 U.S. at 586.

To the extent Plaintiff challenges the adequacy of Defendant's search, it is the agency's burden to establish that it has conducted a search reasonably calculated to uncover all responsive records.  Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The issue is not whether there might possibly exist other records responsive to the request, but whether the search for responsive records was reasonable.  Id.  "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."  Safecard Serv., Inc. v. Securities & Exch. Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

As Defendant explained in great detail in its MSJ in Part at 7-10, FBIHQ searched the Central Records System ("CRS"), which enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. See 4th Hardy Decl. at ¶ 6. While the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests. See id.; MSJ in Part at 7-10. Defendant searched the CRS to locate records concerning Vincent Anthony DeMartino, which produced the following results.

In response to Plaintiff's June 16, 2005 request to the NYFO for information on the June 16, 2001 shooting in the Coney Island section of Brooklyn, New York, the FBI located one main file, 281A-NY-281501, which, with the exception of public source material, was withheld in full pursuant to FOIA Exemption (b)(7)(A). See id. at ¶ 12. Twenty-eight pages of public source material from this NYFO main file was reviewed and on November 14, 2006, 25 pages were released in full and three (3) pages were released with redactions taken pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(6) and (b)(7)(C).[1] See id.

In response to Plaintiff's undated letter to FBIHQ for records on himself,[2] the FBI located main files 183-HQ-6685 and 91-HQ-118829, as well as cross-references 91-HQ-112598-5, 6, and 7; 91-HQ-1419-34-964; and 92A-HQ-1043395-5 and 16x5.[3] See id. at ¶ 13. These were

---

[1] This release consists of the following pages: DeMartino 227-254.

[2] The FBI also conducted a search pursuant to plaintiff's February 20, 2005 request to FBIHQ for records related to a shooting that occurred on or about July 16, 2001, in the Coney Island section of Brooklyn, New York. This search yielded no responsive records. See Docket #22, Hardy Declaration, at ¶¶ 5-19.

[3] The correspondence concerning plaintiff's requests are described in the Hardy Declaration, see docket #22, at ¶¶ 5-25, and the Second Hardy Declaration, see docket #25, at ¶¶

processed for release on November 14, 2006--at the same time as the NYFO public source documents. See id. at ¶¶ 12-13. The documents from the FBIHQ files comprised 233 pages, of which 1) 10 pages were not released as they were duplicates of other pages released; 2) 66 pages were released in full; 3) 1 page was referred to the Bureau of Prisons;[4] 4) 149 pages were released in part pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F); and 5) 7 pages were withheld in full pursuant to Privacy Act Exemption (j)(2) and FOIA Exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F).[5] See id. at ¶ 13.

In sum, Defendant is entitled to summary judgment because the Hardy Declaration and the Vaughn index fulfill Defendant's obligation under FOIA, by "setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999) (internal quotation marks and citation omitted).

## VIII. CONCLUSION

For the foregoing reasons, Defendant submits that there are no genuine issues of material fact in dispute, and respectfully requests entry of summary judgment.

---

5-6.

[4] See 4th Hardy Decl. at ¶ 61.

[5] This release consists of the following pages: DeMartino 1-226 and 257-263. See 4th Hardy Decl. at n.10

7

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2008, I caused the foregoing to be served on Plaintiff via first class United States Mail:

Vincent DeMartino
Register No. 22044-053
FCI Allenwood
P.O. Box 2000
White Deer, PA. 17887

/s/
KAREN L. MELNIK
Assistant United States Attorney