UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 2 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Vincent DeMartino §
    Plaintiff §
§
Vs. §
§   Case Action No: 06-CV-0879 (RJL)
United States,FBI,et,al. §
    Defendant's §
§

## RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

    By and through the defandant's request for Summary Judgement, it has become clear that the information request through FOIA is in fact in the hands's of the FBI, and the Government. The information sought by this plaintiff, is document's involving the **Shooting of Joseph Campanella on July 16,2001 in Coney Island,Brooklyn,New York.**

    A crime in which this plaintiff was tried and wrongfully convicted. It is this plaintiff's belief and contention that the FBI, United States Attorney's Office withheld exculpatory evidence which should have been release under FOIA.

    The "FBI" and "New York Field Office" (NYFO) has withheld all record's the plaintiff has asked for citing FOIA, exemption (7)(A),5 USC (b)(7)(A). The FBI and NYFO claim harm.

> " Could reasonably be expected to result
> from disclosure concerns interferance
> with futer law enforement proceeding's".

    Through the Delartions of Special Agent James J.DeStafano and David M.Hardy, it becomes clear that the requested document's are in fact **"NOT"** exempt for these reason's at all. There are no longer any ongoing proceeding or investigation's involing the Shooting of Joseph Campanella. As Special Agent James J.DeStafano

clain's, See (14) of Agent James DeStafano Declartion. As shown in 10-13 this same declartion, all trial's and investigation's have been concluded, including Mr. Alphonse "Alley Boy" Persica and Mr. John "Jackie" DeRoss. In paragaph (12) it is very clear that "BOTH" Mr.Persico and Mr.DeRoss were <u>"AQUITTED" of "ALL" Charges Related to the Shooting of Joseph Campanella on July 16,2001.</u>
<u>Jury trial Aquitted them on November 6,2007.</u>
Agent James DeStafano claims that the requested file 281A-NY-281501 is related to an on going investigation solely due to the **"Possible"** retrial of Mr. Carmine DeRoss, and the fact that the appeal process of Plaintiff Vincent DeMartino have not concluded. However the information contained within this file may prove exculpatory, in fact plaintiff contends partions of this file and other requested file / document's are in fact exculpatory. In the interest of justice plaintiff prays this court would review the file and determine weather they contain any information involing an ongoing investigation that has not already come to it's friution.

The FBI, has stated previously there was no debriefing of Joseph Campanella between December 17,2001 and January 31,2003 despite the fact that Campanella has been indicted by the Government in Novernber of 2002. Campanella singed a cooperation agreement and pleaded guilty on January 14,2003. DeMartino was arrested on Febuary 28,2003.

It would seem to reason that the the United States Attorney's Office would Not enter into a <u>Coopreation agreement and Accept a Guilty plea prior to having knowledge of the case / cases Mr. Campanella would be assisting the Government in</u>.. "YET", on January 14,2003 the United States Attorney's claim to have done just that.

(2)

The Spirt of the Constitution is "NOT" one of Slective Justice. "BUT" of "EQUAL PROTECTION of the LAW"..

Vincent DeMartino does enjoy the same RIGHT'S as other people regardless of what the Government or the FBI belive for the "Liberties vested to each of us by the **United States CONSTITUTION** is not safe UNLESS the LIBERTIES of EVERYONE is PROTECTED,and "YES" that even includes Vincent DeMartino, for that is the **FOUNDATION OF WHAT THIS COUNTRY IS BUILT UPON...**

This is only a small portion of the exculatory evidence I had hoped to obitain through FOIA, evidence that was origanally withheld at my trial. Only now through the declaration's of David m.Hardy and James J.DeStafano can this court be factually aware that document's exist.

The FBI, headquartes and FBIFO, now wish to claim the right to withheld this evidence under the FOIA exemption 5 USC (b)(7)(A).

> " The FBI, has the authority to investigate this type of case pursuant to the law's governing crimes of conspiracy to murder, 18 USC § 1117 and the Rico Statute,18 USC § 1961. Thus, this is no douth that the investigation falls with in the law inforcement duties of the FBI, Accordingly the information meet's the thashold requarument of exemption 7".

**" Decaration of David m.Hardy page 8,Dated January 31,2008.."**

Through these requested record's and information were compiled for law inforcement perposes, none of this requested document's and information fall's within the exemption list under (7)(A). There is no longer an active invatigation into the Shooting of Joseph Campanella, nor is there reason to belive that the release of this information... Could reasonably be expected to interfere with enforcement proceeding's...

The defendant's, in their motion for summary judgement have falled to name any case which is "active" or "Pending"

Through the defandant's attached declaration by David M.Hardy and James J.DeStafano, the FBI, made it very clear that their are "**6,377 pages of document's**" which the defendant's feel are covered by Privary act exemption (j)(2),5 USC (A)(j)(2) and FOIA exemption(7)(A) 5 USC 552 (b)(7)(A).

<u>File 281A-NY-28150 relates to the Shooting of Joseph Campanella on JULY 16,2001 and to the Plaintiff's (Vincent DeMartino) involvement in said Shooting..</u> The plaintiff has requested these document's in an attenpt to prove his innocence in this matter.

Any reference to DeMartino's Conviction is not exempt from disclosur as it should have been disclosed to me prior to my trial under clear instruction of the Supeme Court in <u>Brady Vs Maryland 373 US 83,83 S.Ct 1194,10 Led 2d 215 (1963) SEE also Dan L.Bright Vs.Cettorncy General John Ashcroft, FBI and US Department of Justice 259 Fs 2d 502 (2003)</u>.

This withheld information by FBI,AUSA,Government as BRADY/ GIGLIO material, this is somehow indicative of how "SERIOUSLY" the AUSA, FBI, Government takes it's Brady / Gigilo and FOIA obligation's. I.D. **Nothing could be further from the truth as the FBI, AUSA and Government has now turned <u>BRADY / GIGLIO on it's head</u>** as they are trying to also do in this FOIA case.

In FOIA cases, a **Vaugh** index should, (1) be contained in one document, complete in itself; (2) Adequately discibie each withheld document od deletion from a released document; and (3) state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant. <u>Voiache Vs, FBI 412 F.supp 2d 60 at 65 (2006)</u>. And a **Vaughn index** is satisfactory as long as it allows a court to conduct a meaningful **De Navo Review**

(4)

of the agency's claim of an exemption See e.g. **Gallant Vs. N.L.R.B. 26 F3d 168,172-173 (D.C. Cir 1994).**

Justice is surpose to be blind, not stupid as the FBI,AUSA, would like this court to belive.

Plaintiff would ask this Court to review all document's related to determine whether they fall within the meaning of **5 USC § 552 (b)(7)(A).**

The FBIHQ through the fifth delaration by David M.Hardy has claimed exemption due to (17) **Pending prosecutive law enforcement proceeding'ss**, relying on NYFO agent James J.DeStafano's advice that a FBI criminal investigation and aditional prosecution's are on going. However, in Vincent DeMartino's own declaration, he states that not only are these prosecution finelized, which included charges related to the Joseph Campanella Shooting against Mr. Alphonse Persico and Mr. John DeRoss, Micheal Spataro and Carmine DeRoss, **Both "AQUITTED" of "ALL" these charges"**, and Carmine DeRoss trial resulted in "Hung Jury".

The only passible pending prosecution, would be the **RE TRIAL"** of Carmine DeRoss which seems highly unlikely do to the outcome of the other trial's. (Persico and DeRoss Aquittal's).

Agent James DeStafano's declaration contradicts itself, in paragaph's (12) and (13) he makes refrence to the conjoined trial's if the above stated individuals, yet, in paragraph (16) claim's that these report's **"have been and will be used as evidence in the above-referenced criminal prosecution's",** which have in Fact Concluded..

All defendant's related to the Shooting of Joseph Campanella should have had access to the report's and "all" information

(5)

contained in file 281A-NY-281501 Under **Brady / Giglio.** The fact that plaintiff Vincent DeMartino was not " Afforded Due Process" under "Brady" did not come to light until "AFTER" the prosecution of the Spataro / Persico Trial's... At which time plaintiff became awere of purjury testimoney by FBI agent's and the passibility of prosecutorial misconduct on the part of assistant United States Attorney Mr. Thomas Seigel.

  The release of these document's at this time surly would not hinder the prosecution of any of those implicated in the Shooting of Joseph Campanella, since they already been to trial. And if any of this information were to be used in a re-trial of Mr. Carmine DeRoss this shouldn't hinder the Re-trial in the least unless they were withheld at the first trial, in which case the FBI, AUSA, Government wuld be acting in **"Bad Faith"** as I Contend they have been doing with me..

  Bad Faith is clear in this instance, the FBIFO claims to be withholding these document's pursuant to (7)(A).."At least until the appeal process for Vincent DeMartino and the criminal proceeding related to Mr. Carmine "Skippy" DeRoss are completed".. It is for this same appeal process that plaintiff has sought these files. These files should have been available prior to or at minimun during trial. " Defendant's are entitle to trial's that distinguish the guilty from the innocent; maney different procedueces may lead to that end. A prosecuitor must disclose information favorable to the defense, but disclosure need not precede trial". <u>US Vs.Powers 75 F 3d 335 (7th Cir 1996). Citing Weatherford Vs.Bursey 429 US 545,559,97 S.Ct 8837,845,51 Led 2d 30, 1997. US Vs. Agurs US 427 US 97, 107-12, 96 S. Ct 2392,499 Led 2d 342 (1976) "BRADY"</u>

(6)

this is a disclosure rule not a discovery rule. Disclosure even mid trial suffices if time remains for defendant to make effective use if the exculpatory material. Here however the FBIFO, FBIHQ, and US Attorney's Office "failed" to do just that. The FBI et,al. are still not allowing plaintiff access to these files during the process of criminal appeals. It was the US Attorney's Office who hold's the responsibility at trial to make available **"FAVORABLE EVIDENCE",** there failure to do so at trial has resulted in this FOIA request.

The FBIHQ and FBIFO now wish to use the concluded trial's of this plaintiff as well as other as reason for exemption, to do so when this file should have been available under **"BRADY / GIGLIO"** is truly a reach at best.

The FBI et,al. have failed to meet the requiment's set forth in **Voinche Vs.FBI 46,F Supp.2d 26.** which states in part " In a FOIA case the court may award summary judgement solely on the basis of information providided in affidavid or decleration's when the affidavit's or declacation's describe" the document's and the justification's for nondisclosure with reasonably spacific detail, demonstrate that the information withheld logically falls with the claimed exemption, and are not **controv**erted by either contrary evidence in the record nor evidence of agency bad Faith". **Military Audit Projecct Vs. Caseyy 656 F 2d 724,,738 (DC Cir 1981). See also Vaugh Vs. Rosen 484 F 2d 820,826 (DC Cir 1972) Cert Denied 415 US 977,94 S.Ct 1564, 39 Led 2d 873 (1974).**

The FBI's claim of exemption has not been **"Reasonably Justified"** and is in fact **" Controverted"** by the record and there own affidavit's. The investigations is complate and concluded some time ago, and those named / charged in the incident, namely the

Shooting of Joseph Campanell on JULY 16,2001 have been to trial. Mr. Alphonse Persico and Mr. John DeRoss have been "AQUITTED" of "ALL" Charges Related to this incedent. Mr. Micheal Spataro trial concluded in Febuary of 2006 and Mr. Carine DeRoss trial resulted in a Hung Jury. To come now and claim this information exempt after "ALL" trial's have concluded is not within the relm of (7)(A) exemption, spacifically when this file falls within the discloser rule of **BRADY**

Werefore, for all the above stated reason's and fact's and in the interest of justice, plaintiff prays this court not grant summary judgement in favor of defendant's and; (1) Grant DeNovo review of all document's within these files. (2) Order the release of all document's in file 281A-NY-281501; (3) Grant any and all other remidies this court deem just.

Respectfully Submitted by:

Vincent DeMartino   March 16, 2008
Vincent DeMartino   Reg # 22044-053
FCI Allenwood    Unit 1-A
P.O. Box 2000
White Deer, P.A. 17887.

cc. John G. Interrante
United States Attorney's Office
555 - Fouth Street N.W.
Washington, D.C. 20530

cc. Clerk of the Court
United States District Court
for the District of Columbia
333 - Constitution avenue N.W.
Washington, D.C. 20001

## CERTIFICATE OF SERVIVE

I hereby certify that on March 16,2008. I deposited a true copy of:
" Response to Defendand Motion for Summary Judgement ".
Into the prison mailing system (unit mail box) via first class mail to be served on defandant's and the Clerk of the Court.

cc.
United States Attorney's Office
Mr. John G.Interrante
555-Fouth Street  N.W.
Washington,D.C. 20530

cc.
Cleark of the Court
United States District Court
for the District of Columber
333-Constitution avenue  N.W.
Washington,D.C. 20001

cc. File.

*Vincent DeMartino* (signature)
Vincent DeMartino
Reg # 22044-053
F.C.I. Allenwood  Unit 1-A
P.O. Box 2000
White Deer,P.A. 17887