UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VINCENT DEMARTINO, </br></br> Plaintiff, </br></br> v. </br></br> FEDERAL BUREAU OF INVESTIGATION, <u>et al.</u>, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 06-0879 (RJL) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSES TO
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART**

Defendant, Federal Bureau of Investigation ("FBI"), respectfully replies to Plaintiff's Responses to Defendant's Motion for Summary Judgment in Part (Docket Entry Nos. 42 and 45), in this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Privacy Act, 5 U.S.C. § 552a.[1]  The FBI established in its moving papers, and supporting

---

[1] Plaintiff has filed two responses to Defendant's Motion for Summary Judgment in Part (Docket Entry No. 40). By Order dated February 4, 2008, the Court ordered plaintiff to file a response by March 11, 2008, to defendant's motion for partial summary judgment with respect to the FBI's New York Field Office records (Docket Entry No. 41). Plaintiff filed a response to the motion on February 15, 2008 (Docket Entry No. 42). On February 19, 2008, plaintiff filed a motion for an extension of time to file a response to defendant's motion (Docket Entry No. 43). By Minute Order dated February 25, 2008, the Court granted the extension request and ordered plaintiff to file a response by March 25, 2008.  Because the Court's Order did not set a reply deadline, defendant's reply is due within 5 days of service of the memorandum in opposition under LCvR 7(d).  Defendant's reply was therefore due on Friday, April 4, 2008, with 3 days for mail service, although defendant has not yet received the service copy (and has received only the ECF notice).  To the extent that this reply is deemed to be untimely, defendant requests leave of Court to file the reply one date out of time.  Undersigned counsel, who entered an appearance in the case on February 28, 2008, upon the transfer of the AUSA who filed the motion for summary judgment in part, inadvertently calendared the reply as due on Monday, April 7, 2008.  Under these circumstances, we submit that this oversight constitutes "excusable neglect" within the meaning of Fed. R. Civ. P. 6(b)(2) because the delay will result in no prejudice to plaintiff, will

declarations, that records responsive to plaintiff's remaining FOIA request are located in an ongoing investigative file of the FBI's New York Field Office ("NYFO"), that most of the records in the file are subject to FOIA Exemption 7(A), 5 U.S.C. § (b)(7)(A), and may be properly withheld from disclosure to plaintiff.  Because plaintiff fails to comply with LCvR 7(h) in either of his responses, Defendant's Statement of Material Facts Not in Genuine Dispute should be deemed admitted. Accordingly, the FBI has established that no responsive non-exempt records have been improperly withheld from plaintiff, and the Court should therefore grant defendant's motion for summary judgment as to claims against the FBI (Docket Entry No. 40).

## DISCUSSION

Summary judgment is appropriate where the pleadings, together with the declaration, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Weisberg v. U.S. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. See Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg, 627 F.2d at 368. The agency may carry its burden by relying on the declaration of a government official because courts normally accord a presumption of expertise in FOIA as long as the declaration is sufficiently clear and detailed and submitted in good faith. See, e.g., Oglesby v. U.S. Department of Army, 920

---

have no materially adverse effect upon the Court's consideration of this case, and was the result of a good faith mistake by defendant's counsel. See In re: Vitamins Antitrust Class, 327 F.3d 1207 (D.C. Cir. 2003). See generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).

F.2d 57, 68 (D.C. Cir. 1990); Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979).

As a practical matter, this standard for summary judgment, in cases such as this, means that the agency must provide the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. See, e.g., Center for Nat'l Security Studies v. U.S. Dep't of Justice, 331 F.3d 918, 927 (D.C. Cir. 2003); Hayden, 608 F.2d at 1384, 1386. A court may therefore award summary judgment in a FOIA case solely on the basis of information provided by the department or agency affidavits or declarations. See Hayden, 608 F.2d at 1387.

Summary judgment should be entered in favor of the FBI because plaintiff has failed to meet his burden of "contradicting the assertions" in Defendant's Statement of Material Facts Not in Genuine Dispute. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), LCvR 7(h) and Fed. R. Civ. P. 56(e). Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Hence, this Court should disregard plaintiff's speculative assertions in his response that "[t]here is no longer an invatigation (sic) into the Shooting of Joseph Campanella, nor is there reason to believe that the release of this information . . . Could reasonably be expected to interfere with enforcement proceeding's . . ." (Pl's Response Br. at 3). Indeed, this Court has expressly warned plaintiff in ordering him to file a response to defendant's motion for partial summary judgment that "parties, such as Vincent DeMartino, who are adverse to a motion for summary judgment must rebut the moving's affidavits or other sworn statement; simple allegations that the moving party's affidavits are inaccurate or

incorrect are not sufficient" (Order dated February 4, 2008, Docket Entry No. 41).[2]

Pursuant to this Court's local rules, the FBI attached a statement of material facts not in genuine dispute to its motion. See LCvR 7(h) ("Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue . . . ."). Although the plaintiff has filed a response to the FBI's motion, he has not filed a separate statement of material facts in genuine dispute as required by Local Civil Rule 7(h). See id. (stating that a party's opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue to be litigated, which shall include references to the parts of the record relied on to support the statement.").

In accordance with LCvR 7(h), the Court "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Id. If, as appears to be the case here, the party opposing summary judgment files no statement of facts in genuine dispute, the Court may therefore treat as admitted all of the facts in the movant's statement of material facts not in genuine dispute. The Court's inquiry would then be narrowed to whether the facts stated by the moving party compel summary judgment in the movant's favor as a legal matter.

The FOIA confers jurisdiction upon a district court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency. 5 U.S.C. § 552(a)(4)(B). The courts have interpreted this section of the statute to mean that jurisdiction only exists upon a

---

[2] Although plaintiff's second response (Docket Entry No. 45, at 5) refers to "Vincent DeMartino's own declaration," no declaration was attached to either of the filed responses to Defendant's Motion for Summary Judgment in Part (see Docket Entry Nos. 42 and 45).

4

showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records. See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980). "The plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." Kuffel v. U.S. Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.) Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies."

In this case, defendant's unchallenged declarations and statement of material facts not in dispute establish that the FBI conducted a reasonable search of its NYFO, and properly asserted Exemption 7(a), 5 U.S.C. § (b)(7)(A), as a basis to withhold documents that are responsive to plaintiff's remaining FOIA request. Exemption 7 of the FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure could reasonably be expected to cause one of the harms enumerated in the subpart of the exemption. See 5 U.S.C § 552 (b)(7). In its moving papers, the FBI demonstrated that the harm that could reasonably be expected to result from disclosure concerns interference with future law enforcement proceedings. The Fifth Declaration of David M. Hardy describes the FBI's response to plaintiff's FOIA requests. Mr. Hardy's declaration, as well as the Declaration of Special Agent James J. DeStefano, demonstrate that the FBI's NYFO properly withheld documents pursuant to Exemption 7(A) and the Privacy Act ("PA") 5 U.S.C. § 552(a)(j)(2).

In addition to speculating that there is no ongoing investigation, notwithstanding the FBI declarations to the contrary, plaintiff also challenges defendant's assertion of Exemption 7(A) on the ground that the requested files must contain exculpatory material that was subject to disclosure in his criminal case under Brady v. Maryland, 373 U.S. 83 (1963) (see Pl's Response Br. at 4-8).

Plaintiff's resort to Brady to rebut the FBI's proper assertion of a FOIA exemption is misplaced because "[t]he FBI is not required to determine whether or not a paper sought by a FOIA requester is or is not a paper that presently constitutes or retroactively would have constituted Brady material in one or more state or federal prosecutions." Johnson v. U.S. Dep't of Justice, 758 F.Supp. 2, 3 (D.D.C. 1991) ("Nor is the FBI required by FOIA to forego a statutory exemption for a document in its possession because the document has been identified as possibly exculpatory. Judicial process is available, both pre-trial and post-trial, for these purposes.")

Accordingly, in its moving papers, defendant demonstrated that the FBI carefully examined the records at issue in this case and determined that, with the exception of 28 pages of public source material, all of the information in the 6,377 pages of documents in this ongoing investigative file is exempt from disclosure in its entirety pursuant to Privacy Act exemption (j)(2), 5 U.S.C. § 552a(j)(2) and FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A). The FBI also determined that the information withheld from plaintiff, if disclosed, could reasonably be expected to interfere with ongoing law-enforcement proceedings, as well as future prosecutions in the Colombo family/La Costra Nostra criminal enterprise investigation. Plaintiff has failed to contest these assertions in accordance with LCvR 7(h) and Rule 56, and therefore all of the facts in the movant's statement of material facts not in genuine dispute should be deemed admitted. The FBI has therefore met its burden and demonstrated that it has not improperly withheld any responsive non-exempt documents.

WHEREFORE, the Court should grant Defendant's Motion for Summary Judgment in Part, and enter judgment in favor of the FBI with respect to the NYFO records.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


  /s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

      Vincent DeMartino  
      Register No. 22044-053  
      FCI Allenwood  
      P.O. Box 2000  
      White Deer, PA.  17887

on this 7th day of April, 2008.

                                          ____/s/_____  
                                          JOHN G. INTERRANTE