UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VINCENT DEMARTINO,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
|        v. | ) Civil Action No. 06-0879 (RJL) |
| | ) |
| **F.B.I. *et al.*,** | ) |
| | ) |
|        **Defendants.** | ) |

MEMORANDUM OPINION
January 12, 2009

Pending before the Court is the Federal Bureau of Investigation's ("FBI") renewed motion for summary judgment [Dkt. No. 55] filed in response to the Order of September 15, 2008, directing supplementation of the record in this Freedom of Information Act ("FOIA") case. The FBI proffers the Sixth Declaration of David M. Hardy ("6th Hardy Decl.") to justify FBI Headquarters's withholding of seven pages of records in their entirety. *See* Memorandum Opinion of September 15, 2008 ("Mem. Op.") [Dkt. No. 49] at 5 (finding insufficient evidence to resolve record segregability question). Upon consideration of the FBI's renewed motion and plaintiff's supplemental responses [Dkt. Nos. 59, 60-2], the Court grants the FBI's renewed motion for summary judgment on the remaining issue of the case.[1]

Mr. Hardy has adequately described the seven withheld pages, Hardy Decl. ¶¶ 7-9, and explained the applicability of FOIA exemptions 2, 7(C) 7(D) and 7(E) to those pages. *Id.* ¶¶ 15, 20, 21, 24-26. Moreover, he states that the disclosure of any "nonexempt words and phrases" contained therein "would provide only a patchwork of unintelligible text." *Id.* ¶ 30. In his

---

[1] *See* Orders of September 15, 2008 and September 27, 2007 (resolving all other claims).

opposing declaration [Dkt. No. 60-2], plaintiff does not directly address the current motion but rather claims that "newly discovered evidence" supports his innocence of the crimes for which he is serving time. At best, plaintiff's opposition relates only to defendant's invocation of exemption 7(C). *See Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051,1074 n. 61 (D.C. Cir. 1981) (noting "that in two [] exemptions, 7(C) and 6, 'the court is called upon to balance the conflicting interests and values involved; in other exemptions Congress has struck the balance and the duty of the court is limited to finding whether the material is within the defined category.'") (*quoting Lesar v. United States Dep't of Justice*, 636 F.2d 472, 486 n.80 (D.C. Cir.1980)) (other citation omitted).

Defendant invoked exemption 7(C), in conjunction with exemption 6, to withhold identifying information of FBI Special Agents and third-party individuals of investigative interest to the FBI and other law enforcement agencies. 6th Hardy Decl. ¶¶ 20-21. Third-party information contained in law enforcement files is "categorically exempt" from disclosure under exemption 7(C) in the absence of an overriding public interest in its disclosure.[2] *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995). In order to demonstrate a public interest warranting disclosure of the otherwise protected information, plaintiff must show that the withheld information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official." *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 772-73 (1989); accord *SafeCard Services, Inc., v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991). "Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest

---

[2] *See* Mem. Op. at 6 (finding exemption 7's threshold requirement of law enforcement records satisfied).

sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157, 172 (2004). In making such a showing, plaintiff must assert "more than a bare suspicion" of official misconduct. *Id.* at 174. He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.* Otherwise, the balancing requirement does not come into play. *See id.* at 175. Plaintiff's suggestion that the withheld information would somehow prove his innocence provides no basis for balancing the interests at stake because the public interest in disclosure "does not include helping an individual obtain information for his personal use" to overturn a conviction. *Oguaju v. U.S.*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 124 S.Ct. 1903 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004) (citation omitted).

Based on the sixth Hardy declaration, which plaintiff has not adequately refuted, the Court finds FBI Headquarters's withholding of seven pages to be properly justified and concludes that the FBI is now entitled to judgment as a matter of law. *See Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (permitting an agency to withhold entire documents when the "'exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would . . . produce an edited document with little informational value.'") (*quoting Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)). A separate final Order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge